Sovereign v. The State.

FRANK D. SOVEREIGN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Constitutional Law: AMENDING STATUTES. Section 83 of the criminal code prohibits any person from killing or injuring, except upon lands owned by such person, certain designated birds. Section 85 prohibits the use of any other gun than the common shoulder gun for the destruction of certain water fowl. Section 86 prohibits any person from killing, ensnaring or trapping wild grouse between the first day of April and the first day of August of each year, or to kill any wild turkey or quail

between the first day of February and the first day of September. In 1877 an act was passed to prohibit the killing of any wild bird within the state, except water fowl, snipes, waders, and woodcocks. *Held*, 1, that the act was amendatory of sections 83, 85 and 86 of the criminal code, and under the provisions of section 11, article III, of the constitution, which provides that "no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed," the act was void. *Smails v. White*, 4 Neb., 353, adhered to.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*James E. Philpott and B. E. B. Kennedy*, for plaintiff in error.

The act is in effect an amendment to sections 83, 85, and 86 of the criminal code, and the new act does not contain the entire sections amended, nor does it repeal them, unless it is by implication of law. The evils guarded against by these salutary and wise provisions of the constitution are too obvious to require argument. to either explain or vindicate them. Whether it was wise or discreet to pass an act, with so little to recommend it to public favor, or of so questionable consistency as to meet with common disfavor, and quite as common violations of it with entire impunity (except in the instance of the case at bar), is a question which this court will not and cannot deal with. It is a question of legislative discretion or will, a prerogative wholly confided to that branch of the government. Still, our admiration for the prudent exercise of that right is quickened by the fact that its exercise in Nebraska in this instance is, in one respect at least, diametrically opposite to its exercise in the adjoining state of Colorado. In this state the hawk in question is sought to be protected in the interest of agriculture, while in Col-

orado a bounty is awarded for its destruction for precisely the same reason. In Colorado the voracious hawk that fares sumptuously every day upon delicate prairie chickens and luscious quails is interdicted and treated as an outlawed felon. In Nebraska he is enshrined as the emblem of legislative forecast and virtue, and henceforth is to feast upon locust and wild honey.

*J. C. Crawford*, on behalf of the defendant in error, for himself and all others who favor the protection of birds, filed the following brief:

The act does not profess to be, nor is it amendatory of any other act, but is a complete act in itself. That an act complete in itself may so operate on prior acts as to materially change or modify them without being within the mischief designed to be remedied by, or repugnant to, this provision of the constitution, is doubtless true. *Smails v. White*, 4 Neb., 357. But the attorneys for plaintiff seem to doubt the tenability of the position taken by them as to the constitutionality of the " bird law " and go outside of the record to say that there is little to recommend the act, and that it is inconsistent and meets with common disfavor, and is violated with impunity. So little to recommend it, indeed! At a time when the air was swarming, and the earth was astir with insects, which in fact would have destroyed the finest crop ever grown in our state, if they themselves had not been destroyed. So gloomy did the prospect of successfully raising a crop seem about the time of the passage of the act complained of, that many farmers let their land lay idle rather than risk the putting out of a crop, and yet counsel says there was little to recommend the passage of the act. The preservation of these insect destroyers is of no consequence, according to counsel's notion. There never was, and there probably never will be, a time when the vicious will see anything to

recommend the penal laws enacted for the preservation of life and property, and it is evident that the plaintiff in error is no exception to the general rule; happily, these form but a small portion of the citizens of our state, and the assertion that the bird law meets with common disfavor, is only an assertion, and is without foundation in fact.

MAXWELL, J.

The plaintiff in error shot a hawk in Lancaster county on the twenty-first day of June, 1877.   On the same day he was arrested for the offense, and pleaded guilty to the charge, and was fined five dollars and costs, and to be committed to the county jail until the same were paid.   He made application to the district court for his discharge upon *habeas corpus*.  The court held the fine and imprisonment lawful, and remanded the prisoner.   The cause is brought into this court by petition in error.

Section one of the act approved February 19, 1877, " to prohibit the taking, wounding, or killing of wild birds of any kind, at any time, within the state of Nebraska, and providing penalties for the violation of the act," provides:   "That from and after the first day of June, A.D. 1877, it shall be unlawful for any person to take, wound, or kill any wild bird within the state at any season of the year, or to take or destroy any wild bird's eggs or nest at any time.   *Provided*, that this act shall not apply to water fowls, jacksnipes, sandsnipes, waders, and woodcocks."

Section 11, Art. III, of the constitution provides that:   "No law shall be amended unless the new act contains the section, or sections, so amended, and the section, or sections, so amended, shall be repealed."   The evident object of this provision is to avoid the serious embarrassments which would arise in regard to conflicting

rights, claims, and remedies, if statutes, amendatory in their character, could be passed as independent acts, no change being made in the statute amended, except so far as it may be in conflict with the amendatory act. This, if permitted, would introduce endless confusion and uncertainty into the law. To avoid the possibility of such legislation, the people by this constitutional provision have taken from the legislature the power to so amend a statute. The constitutional provision requires that in all cases, the law as amended shall be given in full, with such reference to the old law as will clearly show for what the new law is substituted.

In *Smails v. White*, 4 Neb., 357, it was held that an act *complete in itself* may so operate on prior acts as to materially change or modify them, without being within the mischief designed to be remedied by, or repugnant to, the provisions of the constitution. "But where the act is not complete in itself, but in its effect is simply and clearly amendatory of a former statute, it falls directly within the constitutional inhibition, and is void."

We adhere to that decision. And the case at bar clearly falls within the rule laid down in that case. The act in question is as clearly amendatory of sections 83, 85, and 86 of the criminal code as if apt words had been used for the express purpose of amending said sections. The act therefore is void. Sections 83, 84, 85, and 86 of the criminal code, as amended in 1875 (Laws, 1875, p. 18), not being repealed by the act of February, 19, 1877, are still in full force. The judgment of the district court is reversed, and the plaintiff discharged.

JUDGMENT ACCORDINGLY.