BOARD OF EDUCATION OF THE CITY OF AURORA V. NELLIE A. MOSES.

FILED APRIL 21, 1897. No. 9048.

1. **Statutes:** AMENDMENTS: CONSTITUTIONAL LAW: HIGH SCHOOL DISTRICTS. An act of the legislature which is clearly amendatory of an existing statute is unconstitutional when such amendatory act in no way mentions or describes that of which it is amendatory.

2. ———: ———: ———: ———. When a part of an act, unconstitutional for the reason above indicated, forms the obvious inducement for the passage of the remainder of such act, the entire act must be declared unconstitutional.

ERROR from the district court of Hamilton county. Tried below before BATES, J. *Reversed.*

*John A. Whitmore* and *D. A. Scovill,* for plaintiff in error.

*M. F. Stanley, contra.*

RYAN, C.

This is a proceeding in error to reverse the order of the district court of Hamilton county allowing a *mandamus* on the application of the defendant in error. The respondent was the board of education of the city of Aurora. Plaintiff averred in her application that "said city of Aurora is duly organized under the law of Nebraska as a high school district; that said high school has been designated by the state department of education as a free high school, open to attendance by any person of school age in accordance with the provisions of sections numbers 4726, 4727, 4728, 4729, Compiled Statutes of Nebraska, 1895 edition, and that said high school has been and now is able to furnish accommodations to non-resident pupils without renting or constructing additional buildings." The sections of the statute specially described have been omitted from the above quotation because their purport will be more fully indicated in the course of this discussion. In general terms it will an-

swer all purposes to state that the relator described her own age, residence, and other requirements sufficiently to entitle her to enforce such rights as the statute of 1895, hereinafter referred to, has attempted to confer. There were averments of due demand to be accorded such rights and of the refusal of the respondent board to comply therewith. There was a prayer that said defendants might be compelled to admit plaintiff to attendance as a pupil of said high school with all the rights and privileges pertaining thereto, without charge to said plaintiff. A demurrer was interposed to this petition, and upon this being overruled a *mandamus* was issued as prayed.

By section 1, subdivision 14, chapter 79, Compiled Statutes, each city in the state having more than fifteen hundred inhabitants, together with certain contiguous territory described in exceptional cases, was constituted a school district. Section 2 of this subdivision was in this language: "All schools organized within the limits of said cities shall be under the direction and control of the boards of education authorized by this subdivision. Such schools may be free to all children between the ages of five and twenty-one years whose parents or guardians reside within the limits of said district." The statute was in the above condition when chapter 60 of the Session Laws of 1895 was adopted. The title of this act was, "An act to provide free attendance at public high schools." By the first section of this chapter it was provided: "That all public high schools in this state which shall be determined by the state department of education to be properly equipped as to teachers, appliances, and course of study shall hereafter be open to attendance by any person of school age residing outside the district, who is a resident of the state, and whose education cannot profitably be carried further in the public school of the district of his residence." The right above conferred was dependent upon certain contingencies and under certain restrictions, but as these have no bearing on the questions under consideration they will be omitted.

By reference to the language of section 2, subdivision 14, chapter 79, above quoted, it will be seen that thereby the right of attendance in the high school was limited to children whose parents or guardians were residents within the limits of the district. The act of 1895 so amended these provisions as to permit any person of school age having a certain educational proficiency, though living outside the district, to receive instruction at the high school. This was clearly amendatory to the extent indicated, and yet neither in the title nor in the body of the latter act is there any reference whatever to the section amended. Plaintiff based her right to be received into the high school of Aurora upon this statute of 1895. In her application she described the defendant as the board of said high school, and having alleged that the city of Aurora had been duly organized under the laws of this state as a high school district, and that she was a non-resident of said high school district, she demanded to be accorded the privilege of becoming a pupil of said high school. There was thus predicated her right upon the statute passed in 1895. By the statute in existence prior to 1895 she was not entitled to receive a high school education in the city of Aurora. Neither by the title of the act of 1895, nor by its provisions, was there any reference to the law in existence which stood between herself and the exercise of the privilege demanded. The law of 1895 was not a complete act, but was amendatory of the law which denied non-residents of Aurora the right to receive the benefits of its high school education. In *State v. Moore*, 48 Neb., 870, there was under consideration section 11, article 3, of the constitution of this state, which declares that "No law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed," and NORVAL, J., in the delivery of the opinion of this court, said: "This constitutional provision has been frequently before this court for consideration, and it is a rule well settled that where an act of the legislature is

not complete in itself, but is amendatory of a former law, to which it does not refer, it is within the constitutional inhibition quoted above. In other words, the fundamental law of the state requires all the parts of an amended law to be incorporated in the act, and the old law so amended to be repealed. If said constitutional provision is disregarded or not complied with in the amendment of a prior act, the new law is void." This language was followed by the citation of many cases previously determined by this court.

The other provisions of chapter 60 of the Session Laws of 1895 are dependent upon that which is open to the objection above noted, and as the invalid portion, without question, formed an inducement to the passage of the entire act, it must be declared unconstitutional and void. (*Trumble v. Trumble*, 37 Neb., 340.) The judgment of the district court is

REVERSED.