STATE, EX REL. HENRY J. BEAL, COUNTY ATTORNEY OF
DOUGLAS COUNTY, RELATOR, V. OTTO J. BAUMAN,
TREASURER OF DOUGLAS COUNTY, RESPONDENT.

FILED MARCH 31, 1934. No. 29150.

*Henry J. Beal, E. B. Crofoot* and *Jack W. Marer*, for relator.

*McDonald & Edens* and *L. J. Te Poel*, for respondent.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

EBERLY, J.

This is an action for mandamus brought in the original jurisdiction of this tribunal. It was instituted at the relation of Henry J. Beal, as county attorney of Douglas county, and its board of county commissioners, against the county treasurer of Douglas county, and was submitted on the alternative writ, the return of the respondent thereto, and stipulations of fact. The sole object of the action is to secure compliance with the following resolution, duly adopted by the county board on February 13, 1934:

"Whereas, the county treasurer of Douglas county has in his possession certain tax moneys other than moneys levied and collected for school purposes, and which moneys have been collected by said treasurer since August 10,

1933, from taxes levied for the year 1932 and prior years, same having been collected by him for levies made in the various respective years, and, whereas, included in said moneys are:

$18,306.91 levied for general county purposes
15.44 levied for county road purposes
730.68 levied for soldier relief
9.43 levied for special emergency bridge purposes
17.32 levied for payment of judgments
1,487.16 levied for mothers' pensions
170.88 levied for agricultural fair purposes
1,331.65 levied for county home

"Whereas, all of the obligations of Douglas county incurred for and during the year 1932 and all prior years have been paid in full and none of said moneys are required for the purposes for which the same were levied, that is to say, for obligations incurred for the respective years for which the same were levied, and,

"Now, therefore be it resolved: (1) That none of said moneys hereinbefore referred to are required for the purposes for which the same were levied. (2) That the county treasurer of Douglas county, Nebraska, is hereby authorized, instructed and directed to immediately transfer the 'moneys as above specified' to the 1934 county general fund."

The truth of the averments of the commissioners' resolution is not questioned. The sole defense is that compliance with the same on part of the county treasurer is rendered impossible by the provisions of chapter 135, Laws 1933 (Comp. St. Supp. 1933, sec. 77-1956), the same being an act entitled "An act relating to revenue; and to fix and determine the application of the proceeds derived from delinquent property taxes collected after the close of the fiscal year for which such tax may be levied." This defense is met by a challenge to the validity of that legislation as having been enacted in contravention of section 14, art. III of the Constitution, and therefore is void.

Section 14, art. III of our Constitution, so far as applicable to the present controversy, is as follows:

"No bill shall contain more than one subject, and the same shall be clearly expressed in the title. And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

Respondent insists that House Roll No. 345 (Comp. St. Supp. 1933, sec. 77-1956) is an act independent and complete in itself, and does not contravene the restrictions of the Constitution.

Under the title quoted above this act provides: "All delinquent property taxes, whether real property or personal, collected by any county, city, village, school district or any other taxing district within the state of Nebraska, after the close of the fiscal year for which such tax may be or may have been levied, shall be applied and credited as follows, and shall be used for no other purpose: (a) Such delinquent taxes so collected by any county, city, village, school district or other taxing district, shall be applied first to the discharge of any unpaid obligation lawfully incurred for the fiscal year for which such tax was levied. (b) Such delinquent taxes when collected to an amount over and above such as may be required to discharge the obligations specified in subsection (a) hereof, shall be paid into a sinking fund to be used for no other purpose than to pay the interest and principal of the bonded indebtedness of such county, city, village or school district. (c) In case any county, city, village or school district, have no obligations of the character specified in subsection (a) herein, and no bonded indebtedness, then and in that event such delinquent taxes when collected shall be credited and paid into the general fund of such county, city, village, school district or other taxing district notwithstanding any more general law respecting the method and manner of applying the proceeds derived from delinquent property taxes in force in this state."

It will be noted that the "form" in which this legislation

is cast is that of an independent act. But Constitutions look to substance, not to form. The words of this act standing alone would be meaningless. It is only after it is applied to existing statutory provisions that it evidences any "command." It provides for no agencies, machinery, or means by which the object sought to be promoted may be secured. When applied to existing laws nothing new, independent, or complementary results. In other words, if the careful student should take House Roll 345 and with it annotate his Compiled Statutes, marking the changes it effects, when his labor was completed not a single new paragraph would be written therein, but old provisions irreconcilable therewith would be changed. In truth, the new enactment accomplished nothing of independent nature and its effect is wholly confined to "changes" of what theretofore existed, with the evident intent of its authors that by the mingling of the new changes with old provisions a connected piece of legislation covering the same and original subject would result. But this is strictly a process of amendment, and no portion of this act has any other mission. It therefore must be regarded as nothing but an amendatory act and strictly within the scope of the constitutional limitation controlling in the enactment of statutes for an exclusively amendatory purpose: "No law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed." Const. art. III, sec. 14.

The true question here is not at all new. Illinois has a similar constitutional provision, and, in a case involving identical controlling principles, announced the following rule: "Even though an act professes to be an independent one and does not purport to amend any prior act, yet if, in fact, it makes changes in an existing act by adding new provisions and mingling the new with the old on the same subject, so as to make of the old and the new a connected piece of legislation covering the same subject, the later act must be considered an amendment of the former and is within the constitutional prohibition." *Galpin v. City*

*of Chicago,* 269 Ill. 27. See, also, *Brooks v. Hatch,* 261 Ill. 179.

In *Sovereign v. State,* 7 Neb. 409, this court determined that an act in form wholly complete and independent, considered as of itself and enacted under the title "An act to prohibit the taking, wounding or killing of wild birds of any kind, at any time, within the state of Nebraska, and providing penalties for the violation of this act" (Laws 1877, p. 8), was to be considered, because of its substance and the effect of the provisions it contained, an amendatory statute, and subject to the constitutional limitations as such. The reason supporting this rule, as given by the court in this *Sovereign* case, is: "The evident object of this provision is to avoid the serious embarrassments which would arise in regard to conflicting rights, claims, and remedies, if statutes, amendatory in their character, could be passed as independent acts, no change being made in the statute amended, except so far as it may be in conflict with the amendatory act. This, if permitted, would introduce endless confusion and uncertainty into the law. To avoid the possibility of such legislation, the people by this constitutional provision have taken from the legislature the power to so amend a statute. The constitutional provision requires that, in all cases, the law as amended shall be given in full, with such reference to the old law as will clearly show for what the new law is substituted." See, also, *Smails v. White,* 4 Neb. 353, 357; *Stricklett v. State,* 31 Neb. 674; *Board of Education v. Moses,* 51 Neb. 288; *Copland v. Pirie,* 26 Wash. 481.

The wisdom of the reasons suggested by Judge Maxwell in *Sovereign v. State, supra,* as well as the public policy evidenced by the rule itself, finds ample support, not only in the widely diverse and conflicting interpretations of the language of the act under consideration by the truly learned opposing counsel who presented this case at the bar of this court in oral argument, but also clearly appears in the many briefs of the *amici curiæ* filed in this case.

The conclusion is that, notwithstanding its form, because of its substance and sole purpose, House Roll 345 is adjudged to have been passed in contravention of section 14, art. III of our Constitution, and is void. While it was suggested in oral argument at the bar of this court that certain of the funds in suit, including soldiers' relief, mothers' pensions, and funds for agricultural purposes, were of a nature that prevented control by the board of county commissioners, as here sought to be exercised, no such issue is made in the pleadings nor discussed in the briefs.

However, to the end that there may be no question as to the scope of this opinion, it may be said that the questions suggested are not decided, and the final order entered herein is without prejudice to their future consideration. A peremptory writ will issue.

WRIT ALLOWED.

LANDIS, District Judge, dissents.