HARRY A. TUKEY, PLAINTIFF, V. DOUGLAS COUNTY ET AL., DEFENDANTS: WOODS BROTHERS REALTY COMPANY AND STATE OF NEBRASKA, INTERVENERS.

FILED JUNE 29, 1935. No. 29613.

*S. L. Winters,* for plaintiff.

*James T. English,, Jack W. Marer, Seymour L. Smith, Frank H. Woodland* and *Dana Van Dusen,* for. defendants.

*William H. Wright, Attorney General, Milton C. Murphy* and *Lester A. Danielson,* for the state.

*Woods, Woods & Aitken,* for Woods Brothers Realty Company.

*John J. Ledwith* and *Crofoot, Fraser, Connolly & Stryker, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This action is brought in this court in its original jurisdiction by plaintiff, seeking a declaratory judgment to determine the constitutionality of House Roll No. 78, which was enacted by the Nebraska legislature at its fiftieth session. Since Nebraska session laws for the 1935 session of the legislature have not been published, we will, for convenience, refer to the act as H. R. 78. (Laws 1935, ch. 156.)

The title to H. R. 78 reads: "A Bill for an Act relating to revenue: to provide methods for accelerating the payment of real property taxes and personal property taxes delinquent for more than one year prior to September 1, 1935, and for each current year up to and including September 1, 1944, without interest, penalties or other charges added thereto; to provide penalties; to provide certain foreclosure procedure; to repeal all acts and parts of acts in conflict therewith; and to declare an emergency."

Section 1 of H. R. 78, if valid, will permit a taxpayer, whose real or personal property tax has become delinquent before September 1, 1935, and who has neglected to pay the same for more than one year subsequent to the date of its delinquency, to pay the same on or before September 1, 1944, without interest, penalties or other charges added thereto, provided the provision shall not apply to real property taxes for which sale certificate shall have heretofore been issued.

Section 2 of H. R. 78 provides that any taxpayer, whose taxes are delinquent for more than one year, may, on or before September 1, 1935, pay to the county treasurer one-tenth of his total tax, whether on realty or personalty, and may make a like payment of one-tenth on or before the 1st of September of each succeeding year until the whole is paid; such payment to be without any interest, penalties or other charges added thereto. By its terms said section does not apply to taxes on realty, where tax sale certificate

has been previously issued, nor to taxes where the assessment was for special purposes or levied as a special assessment. Said section contains other provisions which need not be here considered.

Section 3 of H. R. 78 requires the county treasurer to compile separate tax records of both real and personal property taxes of those taxpayers who accept or agree to the provisions of the act. Section 4, H. R. 78, provides that cancelation of interest and penalties on delinquent taxes, provided for by the act, shall not apply to interest and penalties on delinquent taxes where the assessment was for special purposes or levied as a special assessment.

Section 5 of H. R. 78 provides, where a taxpayer has accepted the provisions of the act and then defaults, for certification by the county treasurer of all such delinquencies to the county attorney, with directions to him to commence foreclosure proceedings for the collection of such delinquent taxes. Section 6 of H. R. 78 limits time of operation of the act to midnight of September 1, 1944. Section 7 provides: "All acts and parts of acts in conflict with this act are hereby repealed." Section 8 is an emergency clause, requiring the act to become operative upon its approval by the governor.

Plaintiff is a taxpayer, owing taxes delinquent for more than a year, and, if H. R. 78 is valid, is entitled to make payment of one-tenth of such taxes without interest, penalties or costs on or before September 1, 1935, and one-tenth thereof before the 1st of September of each succeeding year. Plaintiff has tendered to the defendant, county treasurer of Douglas county, one-tenth of such delinquent taxes, without interest or other penalties. The treasurer refused, on the ground that H. R. 78 was unconstitutional. The attorney general, in the name and on behalf of the state, has intervened, and Woods Brothers Realty Company, a taxpayer owing taxes delinquent for more than a year, has intervened.

Plaintiff and interveners all contend that H. R. 78 is constitutional, while defendants, county of Douglas, city

of Omaha, School District of Omaha, Metropolitan Utilities District, and the treasurer of Douglas county, who is also treasurer *ex officio* of the other defendants, assert that H. R. 78 is essentially an amendatory act and contravenes that portion of section 14, art. III of the state Constitution, which provides: "And no law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed." The cause is submitted on the pleadings.

Plaintiff and interveners, in effect, concede that H. R. 78 does modify and amend preexisting sections of the revenue law of the state, but contend that H. R. 78 is an act independent and complete in itself, and hence, by implication, may repeal or modify other sections or parts of sections of the revenue law, without specifically referring to the same, and without formally amending or repealing such sections.

The rule contended for by plaintiff and interveners is stated in *State v. Miller,* 104 Neb. 838, in this language: "An independent legislative act covering the entire subject of legislation to which it relates may incidentally modify or change existing statutes without referring to them."

In *State v. Lehmkuhl,* 127 Neb. 812, this court held:

"An independent legislative act covering the entire subject of legislation may change or repeal former enactments in conflict with new provisions."

"A legislative act complete in itself is not within the mischief to be remedied by the constitutional provisions relating to the amendment of statutes."

Among the many decisions of this court announcing the same rule, in substance, are the following: *Drew v. Mumford,* 114 Neb. 100; *State v. Bauman,* 126 Neb. 566.

The rule announced in the cases above cited is not applicable to nor controlling in the instant case, unless H. R. 78 is an independent act, complete in itself and covering the entire subject of legislation. Counsel for plaintiff and interveners have not enlightened us as to what they contend is the subject of legislation which is completely covered by H. R. 78. Certainly, it is not the subject of

revenue, because it does not cover that field completely; certainly, it is not the subject of delinquent taxes, because it does not purport to cover that field completely; and we are unable to discern any particular subject of legislation that is completely covered by the act. We are constrained to hold, therefore, that the rule announced above is not applicable to and does not control in the instant case.

An examination of the provisions of H. R. 78 and chapter 77, Comp. St. 1929, being the revenue law of the state, discloses that the former modifies or is in conflict with many of the provisions of the latter. Among those sections which H. R. 78 seems to modify to a greater or less extent are the following numbered sections of chapter 77, Comp. St. 1929, namely: 1910, 1915, 2002, 2006, 2007, 2008, 2014, 2039, 2105, 2106, 2117 and 2120. Apparently, each of said sections is either modified or suspended in its operation for a term of years if H. R. 78 is valid.

Even though the act professes to be independent and complete in itself, yet if it is clearly not such, but is one amendatory in character, the court must so hold. In *State v. Bauman, supra,* it was held: "Even though an act of the legislature professes to be an independent act, and does not formally purport to amend any prior act or acts, yet if, in fact, the legislative intent is to, and it clearly appears that the act does, make changes in an existing act or acts by adding new provisions or changing existing ones therein and mingling the new and the changed with the old on the same subject, so as to make of the old, the changed, and the new a connected piece of legislation covering the same subject, the later act must be considered an amendment of the former act or acts and within the constitutional prohibition." In fact, by reference to section 2, H. R. 78, we find a provision that, if a taxpayer has started to make payments of delinquent taxes under the provisions of this act and thereafter defaults in making the instalment payments, "the property of said taxpayer shall be subject to the provisions of all the relevant sections of articles 19, 20 and 21, chapter 77, Compiled Statutes of Nebraska, 1929."

It thus appears that the legislature must have known that H. R. 78 was suspending or modifying several relevant provisions of the revenue law without amending and repealing the original sections amended.

This court has frequently held that a legislative act which is amendatory of existing laws is unconstitutional where such act does not contain the section or sections amended and does not repeal said original sections. *Smails v. White,* 4 Neb. 353; *Sovereign. v. State,* 7 Neb. 409; *Stricklett v. State,* 31 Neb. 674; *Van Horn v. State,* 46 Neb. 62; *Board of Education v. Moses,* 51 Neb. 288; *Haverly v. State,* 63 Neb. 83; *Minier v. Burt County,* 95 Neb. 473.

We are forced to the conclusion that H. R. 78 is an amendatory act and violates the quoted provisions in section 14, art. III of the Constitution, and is, therefore, invalid.

In view of the conclusion above set forth, it is unnecessary to consider other propositions raised and discussed in the briefs and on oral argument.

JUDGMENT ACCORDINGLY.

PAINE, J., dissenting.

I respectfully dissent from the opinion adopted in this case, and will state my reasons therefor.

It is of interest to ascertain who first objected to this law. It was the county treasurer of Douglas county, who refused to accept payments made in strict accord with the terms of the law, on the ground that he thought the law was unconstitutional and void. Section 3 of H. R. 78 provides that the county treasurer of each county shall each year compile a separate tax record, setting out the property of those taxpayers who accepted relief under the act. It is further provided in section 5 of the act: "No public officer for any service rendered or act performed in connection with said action shall receive any compensation other than his salary." It is quite evident that this law will make additional work for some county officers, but the legislature decided that the end justified the means.

The other defendants, aside from the county treasurer of

Douglas county, are the county of Douglas, the city of Omaha, the School District of Omaha, and the Metropolitan Utilities District of Omaha. These last-named defendants claim that H. R. 78 does not place the tax burden uniformly upon taxpayers, and discriminates between taxpayers who have paid their delinquent taxes and those who have been unable up to the present time to pay their delinquent taxes.

In my opinion these last-named defendants, instead of being harmed by this law, would benefit greatly by the enactment of the law. Counties and cities and school districts levy the amount of the taxes they need, without consideration of the penalty interest upon such taxes, but levy what they consider adequate for their needs in the face amount·of the total tax assessed against the property of the taxpayer. H. R. 78 does not take from these defendants a single dollar of the taxes they have levied, but will, in the opinion of the legislature, bring in the face amount of delinquent taxes, some of which have been delinquent for many years, and the collection of which is hopeless; for it is plainly to be seen that, if the real estate was of sufficient value, tax sale certificates would have been purchased against this property before this time; therefore, in my judgment, H. R. 78 would within a few months bring in to these last-named defendants thousands of dollars of taxes that they would never receive under the laws in force before H. R. 78 was passed.

"Taxation always has been, is now, and probably always will be, a matter of grave concern to all people, rich and poor alike. The tax dollar is hard to part with for all of us. Taxation takes with a heavy hand and places burdens upon thrift, economy, and savings. * * * The subject is one of daily conversation and almost universal condemnation. No citizen is satisfied with present conditions. Those who seek public office talk about taxes and tax relief as the vital and supreme question." *State v. Luecke,* 260 N. W. (Minn.) 206.

It is important that we grasp the problem that our legis-

lature had to contend with in facing the mountain of delinquent taxes in the various counties of our state, and from the facts ascertain the intent of our legislature in drafting and passing this law.

In the petition of the intervener, Woods Brothers Realty Company, it is alleged that there are unpaid delinquent city, state and county taxes in Nebraska aggregating millions of dollars; that in the county of Lancaster alone the unpaid and delinquent taxes for the year 1933 is in excess of $375,000; that to keep up the expenses of the state the assessments made against property where the taxes are paid must necessarily be increased to meet the expense of government.

It is clear that, unless some such plan as this may be devised, by which the owner of property having against it large amounts of unpaid delinquent taxes may be allowed to pay up for the current year and thereby get back in good standing on the treasurer's books so far as the current year is concerned, and then be permitted to pay the accumulation of back taxes in small annual payments, the cities, counties, school districts, and our state will be paralyzed to raise money for actual expenses, to say nothing of meeting the burden of pressing relief problems.

By its terms this emergency act expires for all purposes at midnight, September 1, 1944.

The tax assessed against a man's property defines the measure of his duty in the support of his city, county and state, but the tax thus imposed is not founded upon a contract and does not establish the relation of debtor and creditor between the taxpayer and the state. A debt is a sum of money due by contract, express or implied, while a tax is a charge upon persons or property to raise money for public purposes. *State v. Rowe,* 108 Neb. 232; *War Finance Corporation v. Thornton,* 118 Neb. 797; 61 C. J. 70.

The payment of taxes cannot be enforced in a suit by a state or county to obtain a judgment for the amount of taxes, but the remedy for nonpayment of taxes is limited

to the seizure and the sale of the property itself, showing that a tax is not a debt.

Chief Justice White, in *Billings v. United States,* 232 U. S. 261, quoting from 37 Cyc. 1165, says: "Delinquent taxes do not bear interest unless it is expressly so provided by statute. But it is competent for the legislature to prescribe the payment of interest as a penalty for delay in the payment of taxes and to regulate its rate."

Justice Holmes, in *New York v. Jersawit,* 263 U. S. 493, refused to allow the claim of the state of New York for interest on a tax in a bankruptcy proceeding, on the ground that such interest was just a penalty.

In a similar act passed by the legislature of Oregon in 1925, remitting penalty and interest on certain taxes, it was declared in the act that, whereas farmers and agricultural interests had been suffering under severe handicaps, due to the general depression in agriculture, therefore it was enacted that under certain conditions the officials might remit the interest, penalty and costs on delinquent taxes. This act was brought to the Oregon supreme court on a writ of mandamus, and its constitutionality was sustained, that court holding that the interest was not a part of the taxes, and that what the statute had imposed by way of penalty the statute could remit. *State v. Coos County,* 115 Or. 300. From this Oregon decision we make the following quotation: "We do not regard this, however, as an act regulating taxation, but merely as an act remitting certain penalties, which would otherwise have accrued but for its passing. The act of taxation had already been performed when the tax was properly levied by the authorities in Coos county, and this did not authorize the levying of any taxes, or regulate the manner in which they should be paid, but was an act of grace remitting certain penalties, but for which the parties named in the act would have been liable."

In examining the General Laws of Oregon for 1925 (ch. 314), I find that this act under discussion is similar in many provisions to the Nebraska act, although much

shorter, and is entitled, *"An act to remit penalty and interest on certain taxes, and declaring an emergency."* It will be seen at a glance that the members who drafted the bill, H. R. 78, in Nebraska took the precaution to make the title of our bill far more complete than the Oregon drafters did. The full title of our H. R. 78 is set out in the main opinion.

In an exhaustive article by Professor M. H. Merrill, 13 Neb. Law Bulletin, 95, we find a very complete and helpful discussion of section 14, art. III of the Nebraska Constitution, for the violation of the provisions of which H. R. 78 is held void in the main opinion. This article cites, as the first case in which this section was involved, *People v. McCallum,* 1 Neb. 182, in which Judge Crounse said: "The purpose of this provision is to prevent surprise in legislation, by leaving matter of one nature embraced in a bill whose title expresses another. * * * It is only in cases clearly involving the mischief provided against, that this court should be called upon to declare void the acts of the legislature." And in *White v. City of Lincoln,* 5 Neb. 505, it was held: "The object of this constitutional provision is to prevent surreptitious legislation by incorporating into bills obnoxious provisions, which have no connection with the general object of the bill and of which the title gives no indication."

Many decisions of our court have held that the subject of an act is not to be interpreted in a narrow or captious spirit, but the subject in an act may be comprehensive, and if the court can see that the legislature has reference to one general topic which is capable of treatment as a unit the constitutional requisites are satisfied.

The act in the case at bar has been criticized in the briefs as providing a new manner of foreclosure for delinquent taxes, but one who reads the act carefully will see that it is all a harmonious whole, enacted for the sole purpose of collecting much-needed delinquent taxes.

In *Sheridan County v. Hand,* 114 Neb. 813, it was held that an act to adopt and establish a code of laws and pro-

vide for their administration and enforcement, known as the civil administrative code, contained but one subject, although it consisted of eight grand divisions or titles and covered 430 pages in the Session Laws, and covered such diverse matters as the six code departments, dairy standards, insurance, state highways, and licensing of physicians.

Chief Justice Sullivan, in *Rosenbloom v. State,* 64 Neb. 342, had before him a law relating to the licensing of pedlers, and in a very short opinion he considered the same questions as are before us in this case. He said it was the settled doctrine that courts will not declare an act of the legislature unconstitutional unless it is manifestly so. In this opinion Chief Justice Sullivan declared that the increased rate of interest provided for the nonpayment of taxes was a penalty.

In the main opinion this H. R. 78 is held void because it does not contain sections of the laws amended. It was clearly the intention of the legislature not to amend any of our laws, but if at any time in the future this act is found to be in conflict with any other law it is elementary that the last enactment by implication repeals all prior and inconsistent regulations. *Johnson v. Hahn,* 4 Neb. 139.

As I read the title to H. R. 78, it is an act relating to revenue, and providing that taxes which are delinquent for more than one year prior to September 1, 1935, may be paid without interest or penalties, and in certain instances the property may be foreclosed. It further declares what is known by every citizen of Nebraska, that an emergency exists, and it is my opinion that the prompt administration of this law would bring in thousands of dollars of delinquent taxes in the next few months. A simple reading of this H. R. 78 clearly shows that it does not amend the provisions of our law allowing property to be sold for delinquent taxes at public sale upon the first Monday in November, or at private tax sale later on, for it provides that it does not affect any property upon which a certificate of tax sale has been issued, nor does it affect any property

upon which the owner has promptly paid the taxes, or affect any property upon which the owner has allowed taxes to become delinquent and has later paid the taxes with interest, and section 4 of H. R. 78 provides specifically that the act shall not apply to any special assessments, so the act cannot affect any obligations outstanding of sewer or paving districts. This is a wise provision.

Thus, we see that the provisions of H. R. 78 were carefully drawn to cover just one subject, and that subject was the collection of long-delinquent taxes, together with the taxes for the current year upon such property, either by payment in full at once, or by payment of a series of annual payments, holding out to the owner thereof the one legitimate bait which the legislature has the right to hold out, viz., that by payment under the rules of this act of such delinquent taxes the state would waive the payment of the interest on such delinquent taxes, and this interest, I have endeavored to show in this dissent, is clearly a penalty which the legislature enacted to assist in getting prompt payments, and this penalty may legally be dropped in case the legislature decides, as it did by H. R. 78, that it is proper to do in the present emergency.

In *State v. Lehmkuhl*, 127 Neb. 812, it is stated, in discussing section 14, art. III of the Constitution, that a more liberal interpretation of the constitutional provision relating to amendments has been favored in later cases, and cites from 59 C. J. 866: "They should receive a reasonable and liberal construction, with the view of upholding the acts of the legislature, and not unnecessarily hampering or embarrassing it in its work; and the courts will not extend the construction of the prohibition beyond the mischief it was designed to prevent."

In this case Judge Rose refers to the recent case of *State v. Bauman*, 126 Neb. 566, and says the court held in that case that the act was strictly amendatory, containing nothing of an independent nature, but evincing a legislative intent to mingle new changes with old provisions—an inhibited evil.

In conclusion, may we glance at the simple rules which should guide courts in passing upon such questions as are set out in 6 R. C. L. 74-78, secs. 72-77, generally, as follows: Courts should approach constitutional questions with great deliberation, exercising their power in this respect with the greatest possible caution and reluctance, and they should never declare a statute void unless its invalidity is, in their judgment, beyond reasonable doubt, because it is but respect to the wisdom, the integrity, and the patriotism of the legislative body by which the law is passed to presume in favor of its validity until the contrary is shown beyond reasonable doubt. It is further provided that, where there are two possible interpretations, by one of which the law would be void and by the other valid, the court should adopt the construction which would uphold it.

H. R. 78 does not modify or alter the application of any tax law now in existence, but, on the other hand, it provides a new method to add to existing tax laws; the two systems might exist side by side with no confusion whatever. As Professor Merrill says in 13 Neb. Law Bulletin, 130: "The logical corollary to this would be that statutes setting up systems which may coexist with prior legislation are not amendatory and do not fall within the purview of this section of the Constitution." See *State v. Moore,* 48 Neb. 870; *Wenham v. State,* 65 Neb. 394; *Peterson v. Anderson,* 100 Neb. 149; *Bartels v. State,* 91 Neb. 575; *McKenzie v. State,* 113 Neb. 576.

In *Woodrough v. Douglas County,* 71 Neb. 354, in holding an act for collection of delinquent taxes valid, our court said that the act was a complete act, providing for a cumulative method for the collection of delinquent taxes; that it in no manner conflicts with the Constitution, and is not open to the objection that it was amendatory of other laws, and there was no valid reason why it should not be enforced.

I regret that I cannot view this law from the same standpoint as the majority of the court, but from the study which I have been able to give it in the few days it has

been pending before us, I am convinced in my own mind that it is a complete act in itself, easily capable of being carried out by our county officers, and provides a simple method by which cities, counties and school districts would soon be in receipt of hundreds of thousands of dollars of much-needed money from delinquent taxes, which taxes they will doubtless never receive under the present laws. As it is an independent act, designed for a single purpose clearly expressed, it is, in my opinion, not void, but a valid and meritorious law.