IN RE CONSERVATORSHIP OF THE ESTATE OF HENRY SCHURMANN.

HENRY SCHURMANN ET AL., APPELLANTS, v. DAVID W. CURTISS, CONSERVATOR OF THE ESTATE OF HENRY SCHURMANN, APPELLEE, PAUL SCHURMANN ET AL., INTERVENERS-APPELLEES.

159 N. W. 2d 554

Filed June 14, 1968. No. 36975.

Max W. Goetz and Addison & Addison, for appellants.

David W. Curtiss, pro se.

Ryan & Scoville and P. F. Verzani, for interveners-appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a conservatorship proceeding wherein the ward and three of his next of kin seek to appeal from the refusal of the county court to terminate the conservatorship. Appellants perfected an appeal to the district court and upon motion of some of the appellees, the appeal was dismissed.

The sole issue involved is whether or not the provisions of section 27-1301.01, R. S. Supp., 1965, apply to appeals in probate matters. The trial court applied the statute and dismissed the appeal.

What is section 27-1301.01, R. S. Supp., 1965, was enacted as Legislative Bill 828, Laws 1965, chapter 108, page 432, effective November 18, 1965. L. B. 828 is as follows: "An Act relating to courts; to provide for notice of appeal from county courts or a justice of the peace; and to provide for filing and service of such notice.

"Be it enacted by the people of the State of Nebraska,

"Section 1. The party appealing from a decree, judgment, or order of a justice of the peace or county court, or part thereof, shall, within ten days from the rendition of judgment, file a notice of appeal with the justice of the peace or county court, specifying the parties taking the appeal, the decree, judgment, order or part thereof appealed from, and shall serve a copy of the same upon all parties bound by the judgment who have appeared in the action or upon their attorneys of record. Service may be made by mail, and proof of such service shall be made by an affidavit of the appellant filed with the

justice or county court within five days after the filing of the notice stating that such notice of appeal was duly mailed, or after diligent search that the addresses of such persons or their attorneys of record are unknown."

There is no question the statute clearly applies to appeals in civil matters from the county court. The question presented is whether it also applies to appeals in probate matters. Appeals in civil matters from county court are authorized by section 24-544, R. R. S. 1943, making the justice of the peace appeal procedure applicable. Section 27-1302, R. R. S. 1943, of that procedure requires the filing of an appeal bond within 10 days. Section 27-1301.01, R. S. Supp., 1965, adds the additional jurisdictional requirement for the filing of a notice of appeal within 10 days. See, Radil v. State, 182 Neb. 291, 154 N. W. 2d 466; Simmons v. Mutual Benefit Health & Accident Assn., *ante* p. 175, 159 N. W. 2d 197. Appeals in probate matters are authorized by section 30-1601, R. R. S. 1943. Section 30-1602, R. R. S. 1943, provides that probate appeals shall be taken within 30 days, and section 30-1603, R. S. Supp., 1965, allows 30 days for the filing of the appeal bond.

It is evident therefore that if L. B. 828 were intended to apply to appeals in probate matters it would shorten the time for an appeal in probate matters from 30 days to 10 days because the jurisdictional notice of appeal would need to be filed within that time, as appellees insist herein.

We are convinced that there was no intent to include appeals in probate matters within L. B. 828. The following paragraph from the Judiciary Committee's statement on L. B. 828 would so indicate: "Under the proposed bill, the party appealing must give notice that an appeal is being taken. *The procedure on appeal is not disturbed* but an additional precaution out of fairness is provided." (Italics supplied.) The procedure on appeal in civil matters is not disturbed. In probate matters, if applicable, it is.

There is, however, a much more compelling reason for holding that probate appeals are not encompassed within the provisions of L. B. 828. Article III, section 14, Constitution of Nebraska, provides in part: "And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed." If probate appeals were intended, L. B. 828 would repeal or at the very least constitute an amendment of section 30-1602, R. R. S. 1943. As will be noted above, L. B. 828 makes no reference either in the act or the title to amending or repealing any statute.

We said in Tukey v. Douglas County, 129 Neb. 353, 261 N. W. 833: "This court has frequently held that a legislative act which is amendatory of existing laws is unconstitutional where such act does not contain the section or sections amended and does not repeal said original section."

We held in Thompson v. Commercial Credit Equipment Corp., 169 Neb. 377, 99 N. W. 2d 761: "An act not complete in itself, but which is clearly amendatory in its character and scope, must set forth the section or sections as amended, and repeal the original section or sections."

If L. B. 828 does not apply to appeals in probate matters the question of constitutionality does not arise. We apply the rule enunciated in Terry Carpenter, Inc. v. Wood, 177 Neb. 515, 129 N. W. 2d 475: "In construing an act of the Legislature, all reasonable doubt must be resolved in favor of constitutionality, and if a statute is subject to more than one construction, the court will adopt the one which will make the act constitutional."

We therefore hold that probate appeals are not embraced within the provisions of L. B. 828, and reverse the judgment and remand the cause herein.

REVERSED AND REMANDED.