IN RE APPLICATION OF FLORENCE G. CLARK ET AL. FLORENCE G. CLARK ET AL., APPELLANTS, v. VIOLET SWEET ET AL., APPELLEES.

163 N. W. 2d 881

Filed January 17, 1969. No. 36980.

Julius D. Cronin and Edward E. Hannon, for appellants.

Wilson, Barlow & Watson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

SCHMIDT, District Judge.

This is an appeal from a judgment of the district court for Holt County. The judgment dismissed an appeal taken to that court from a rejection by a freeholder board of a freeholders' petition. For the purposes of the hearing in the district court on the motion to dismiss the appeal the parties stipulated the facts to be as follows:

"That on October 23, 1967 the Board provided by Section 79-403 Reissue Revised Statutes of Nebraska for 1943, as amended, consisting of the County Superintendent, County Clerk and County Treasurer of Holt County, Nebraska held a public hearing on the freeholder petition of Florence G. Clark and Francis J. Clark to transfer certain land from School Districts Number 22, 86 and 25 of Holt County, Nebraska, and attach the same to School District Number 44 of Holt County, Nebraska. Immediately following that hearing, the Board denied said petition and its action of denial was duly entered on the records of said Board on October 23, 1967. That thereafter, Florence G. Clark and Francis J. Clark filed with the County Clerk of Holt County, Nebraska within 20 days after October 2, 1967, a Notice of Appeal and a Bond in said matter; and a transcript of the proceedings had before such Board was filed with the Clerk of the District Court of Holt County, Nebraska on November 13, 1967. It was further stipulated that the

petitioners did not serve a copy of said Notice of Appeal upon the objectors Violet Sweet and Arthur Fuelberth who had filed with the Board prior to said public hearing written objections to said freeholder petition, nor upon their attorney Gene D. Watson who had appeared and represented said objectors at the public hearing before the Board on October 23, 1967, or upon anyone else, within twenty days after October 23, 1967. On November 28, 1967 the petitioners' attorney mailed to Gene D. Watson, the attorney for the objectors, a copy of the Notice of Appeal, Appeal Bond and Petition on Appeal. It was further stipulated by the parties that for the purposes of said Motion to Dismiss Appeal, the petitioners did all other acts and things necessary to perfect their appeal, and the only issue presented was whether the petitioners were required by the applicable Statutes of the State of Nebraska to serve a copy of the Notice of Appeal upon the objectors or upon their attorney of record within twenty days from October 23, 1967, to confer jurisdiction upon the District Court of Holt County, Nebraska."

The only question for decision here is whether the provisions of section 27-1301.01, R. S. Supp., 1967, apply.

Appellees argue as follows: (1) Section 79-403, R. R. S. 1943, provides that appeals shall be taken in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of a claim against the county; (2) section 23-135, R. R. S. 1943, provides that when the appeal is from the disallowance of a claim, notice of appeal must be served on the county clerk within 20 days; (3) section 23-136, R. R. S. 1943, provides that when the appeal is from the allowance of a claim, the notice of appeal must be served within 10 days; (4) Reiber v. Harris, 179 Neb. 582, 139 N. W. 2d 353 (1966), holds that the 20-day period set out in section 23-135, R. R. S. 1943, applies to appeals under section 79-403, R. R. S. 1943; (5) section 23-137, R. R. S. 1943, provides that appeals to the dis-

trict court from the allowance or disallowance of a claim shall be entered, tried, and determined in the district court the same as appeals from justice courts; and (6) sections 23-135 and 23-137, R. R. S. 1943, are in pari materia with section 27-1301.01, R. S. Supp., 1967.

Appellees concede that the 10-day provision in section 27-1301.01, R. S. Supp., 1967, does not apply as it is in conflict with the 20-day notice provision in section 23-135, R. R S. 1943, and contend section 27-1301.01, R. S. Supp., 1967, would have been complied with if the notice had been given in 20 days.

Appellees, in effect, ask us to apply part of section 27-1301.01, R. S. Supp., 1967, but not the 10-day part. We hold that it does not apply at all. There is all the more reason to say that it does not apply just in part.

We hold that it does not apply at all: (1) For the reason(s) stated in Schurmann v. Curtiss, ante p. 277, 159 N. W. 2d 554 (1968); and (2) for the reason that the statute by its terms applies only to appeals from a decree, judgment, or order of a justice of the peace or county court. It does not purport to apply to an appeal such as here. It would trap even the wary to read into the statute something that is not there.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.