[S. F. No. 6796.    In Bank.—July 25, 1914.]

# EMILIE G. COHEN, Appellant v. CITY OF ALAMEDA, Respondent.

MUNICIPAL CORPORATIONS—CONTEST OF VALIDITY OF STREET ASSESS-
MENT—TIME FOR APPEAL FROM JUDGMENT.—An appeal from a judg-
ment in an action to declare void an assessment levied under the
statute entitled, "An act to provide for the lighting of public streets,
lanes, alleys, courts and places in municipalities, and for the assess-
ment of the costs and expenses thereof upon the property benefited
thereby" (Stats. 1905, p. 564), taken within less than sixty but
more than thirty days after the entry of the judgment, although
in time under sections 939 and 941b of the Code of Civil Procedure,
is too late under section 6 of such act, and for that reason will be
dismissed.

ID.—STATUTE LIMITING TIME FOR APPEAL—WHETHER CONSTITUTIONAL.
Section 6 of such act, which provides that any appeal from a final
judgment in an action or proceeding contesting the validity of an
assessment must be perfected within thirty days after the entry
of the judgment, is not contrary to the constitutional prohibitions
against special laws regulating the practice of courts of justice,
or in any case where a general law can be made applicable.    These
provisions of the constitution do not require the legislature to pre-
scribe a uniform and single limitation of actions or proceedings, ap-
plicable alike to all cases.

ID.—PRACTICE AND PROCEDURE IN DIFFERENT ACTIONS AND PROCEEDINGS
—DISCRETION OF LEGISLATURE.—The legislative discretion as to the
different modes of procedure or rules of practice to be prescribed
for the numerous and various actions and proceedings allowed in
courts of justice is very wide, and its judgment on the question
whether or not a particular provision shall be made for any class
of cases, and as to the classification thereof, is not to be interfered
with except for very grave causes and where it is clear beyond rea-
sonable doubt that no sound reason for the legislative classification,
and for the different provisions regarding the same, exists.

ID.—TITLE OF ACT—WHETHER SUFFICIENT TO EMBRACE PROVISION FOR
APPEAL.—The provision for a special limitation upon appeals in
suits involving the validity of assessments under such act, is a
matter germane to the general subject and appropriate to carry
out its object; and is embraced within the title, "An act to provide
for the lighting of public streets, lanes, alleys, courts and places
in municipalities, and for the assessment of the costs and expenses
thereof upon the property benefited thereby."

ID.—APPEAL—PETITION FOR REHEARING—QUESTIONS INVOLVED.—On this petition for a rehearing of the application for an order dismissing this appeal, the question whether the limitation of section 6 of the Assessment Act in question applies to actions in equity or other proceedings wherein the assessment is alleged to be void because the act under which it was made is void, is not involved, since the attack upon the assessment involves only the regularity of proceedings leading up to the assessment, and the decision dismissing the appeal is not to be understood as applying to such question.

APPEAL from an order of the Superior Court of Alameda County.    William H. Waste, Judge.

The facts are stated in the opinion of the court.

Jordan, Rowe & Brann, for Appellant.

A. F. St. Sure, and Samuel Poorman, Jr., for Respondent.

SHAW, J.—The appeal is by the plaintiff from a judgment in favor of the defendant. The defendant moves to dismiss the appeal on the ground that it was not taken within the time prescribed by law.

The appeal was taken within less than sixty days, but more than thirty days, after the entry of judgment. Under sections 939 and 941b of the Code of Civil Procedure, this would be within the time prescribed. The contention of the respondent is that the case is governed by the provisions of section 6 of the act of March 6, 1905, providing for the levy of assessments upon a district to pay for lighting the streets therein. (Stats. 1905, p. 567; Deering's Gen. Stats., 645.)

The plaintiff began the action in behalf of herself, her children, and all other persons interested in the relief asked. The object of the action was to declare void an assessment, under the aforesaid act, levied upon property within an assessment district in the city of Alameda, including property of plaintiff and her children and other persons, and to enjoin a threatened sale of her own property to enforce payment of the sum assessed against it. The complaint alleges that the assessment was void because of divers defects in the proceedings, and also upon the ground that the act is unconstitutional.

Section six of the aforesaid act is as follows:

"The validity of an assessment levied under this act shall not be contested in any action or proceeding unless the same

is commenced within thirty days after the time said assessment is levied, and any appeal from a final judgment in such an action or proceeding must be perfected within thirty days after the entry of such judgment.''

It is contended by the appellant that this section is contrary to the mandate of the constitution of this state prohibiting special laws regulating the practice of courts of justice, or in any case where a general law can be made applicable (art. IV, sec. 25, subds. 3, 33). She therefore claims that an appeal may be taken in this case, as in other cases, within six months after the entry of the judgment.

It has never been considered that these provisions of the constitution required the legislature to prescribe a uniform and single limitation of actions or proceedings, applicable alike to all cases. The Code of Civil Procedure is full of special provisions applicable only to particular classes of cases. Appeals from ordinary final judgments must be taken within six months after entry; from a judgment of forcible entry and detainer in the superior court upon an appeal from an inferior court, in the cases specified in section 964 of the Code of Civil Procedure, within ninety days after entry; from orders in ordinary actions or probate proceedings, within sixty days after entry. (Code Civ. Proc., secs. 939, 1715.) Appeals from judgments or orders, under section 941b, must be taken within sixty days after service of notice of entry thereof. So also, in the matter of limitation of actions, many different periods are prescribed for the different kinds of actions. As to some of these it might be difficult to discover substantial reasons for the different periods fixed. It has not been supposed that these varying provisions were special laws, such as are forbidden by the above provisions of the constitution. In general, it may be said that the legislative discretion as to the different modes of procedure or rules of practice to be prescribed for the numerous and various actions and proceedings allowed in courts of justice is very wide, and that its judgment on the question whether or not a particular provision shall be made for any class of cases, and as to the classification thereof, is not to be interfered with except for very grave causes and where it is clear beyond reasonable doubt that no sound reason for the legislative classification, and for the different provisions regarding the same, exists. (*People* v. *Mullender,* 132 Cal. 221, [64 Pac. 299]; *Wheeler* v. *Her-*

*bert,* 152 Cal. 232, [92 Pac. 353]; *Title etc. Co.* v. *Kerrigan,* 150 Cal. 322, [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356]; *Gridley* v. *Fellows,* 166 Cal. 765, [138 Pac. 355].)

Sufficient reasons for the shorter period of limitation of appeals prescribed by this section appear in the law itself. It provides for the lighting of public streets and public places in cities by assessing the expense thereof upon the owners of property benefited thereby. The assessment may be for either or all of three purposes: 1. To construct and erect the necessary poles, wires, conduits, lamps, and the other apparatus constituting what may be designated the permanent part of the improvement; 2. To provide for the maintenance of these lighting works and appliances after the same are erected; and, 3. To provide the necessary gas or electricity for use to furnish the light. The permanent works for this purpose would, in general, be much less expensive than other kinds of public improvements, and the assessment to each person would be correspondingly smaller. For the cost of maintenance and cost of light the assessments in each case would be still less to each individual. With regard to the second and third classes, the act provides that the assessment for each shall be for periods not exceeding two years, and a new assessment must therefore be made and collected every two years for these purposes, if the public service is to be maintained under this law. Ordinary street improvements, such as grading, paving or sewering, are permanent structures which, when completed, the public may immediately and continuously use without further expense and for many years thereafter. Ample time is afforded for the settlement of all questions concerning the validity of such assessments before the improvement has become worn so that a new improvement becomes necessary. Two reasons therefore appear for the shorter limitation in this statute upon the right of appeal. The first is that the sums involved will be trifling and that protracted litigation should not be indulged over the validity thereof. The second is that the short period covered by the assessments for maintenance and light makes it to the interest of all concerned that there should be a speedier settlement of disputes over the validity of such assessments than is required in the larger assessments for improvements of longer duration involved in other kinds of public improve-

ments. These considerations form a sufficient basis for the distinction between assessments under this act and those for the general class of public improvements authorized by other statutes, and justify the limitation of the time for appeal to thirty days after the entry of judgment in any action or proceeding in which the validity of such assessment is contested.

It is further claimed that this particular provision of the act is not embraced within the title thereof. The act is entitled "An act to provide for the lighting of public streets, lanes, alleys, courts and places in municipalities, and for the assessment of the costs and expenses thereof upon the property benefited thereby." The point does not deserve elaborate consideration. The provision for a special limitation upon appeals in suits involving the validity of assessments under the act is a matter clearly germane to the general subject and appropriate to carry out its object. (*Robinson* v. *Kerrigan,* 151 Cal. 50, [121 Am. St. Rep. 90, 12 Ann. Cas. 829, 90 Pac. 129] ; *Ex parte Liddell,* 93 Cal. 635, [29 Pac. 251] ; *Davies* v. *Los Angeles,* 86 Cal. 43, [24 Pac. 771] ; *Deyoe* v. *Superior Court,* 140 Cal. 488, [98 Am. St. Rep. 73, 74 Pac. 28].)

The appeal is dismissed.

Angellotti, J., Sloss, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.

In denying a rehearing, the court in Bank rendered the following opinion on August 24, 1914:

THE COURT.—On petition for rehearing. The appellant asks a rehearing of the application for an order dismissing the appeal. Her petition is based on the proposition that section 6 of the Assessment Act in question does not apply to an action in equity, or to a defense, attacking the validity of an assessment on the ground that the act itself is unconstitutional as a deprivation of property without due process of law. The attack made upon the assessment by the appellants in this action is based wholly upon objections which do not go to the constitutionality of the act under which the assessment was levied, but which involve only the regularity

of the proceedings leading up to the assessment. The question whether section 6 is embraced in the title does not affect the validity of the other provisions of the act, and it was not raised except in resisting the motion .to dismiss the appeal. Hence the question whether the limitation of the section applies to actions in equity or other proceedings in which the assessment is alleged to be void because the act under which it is made is void, is not involved here, and the decision dismissing the appeal is not to be understood as applying to such question.