## NORTHWESTERN BELL TELEPHONE COMPANY V. STATE BOARD OF EQUALIZATION AND ASSESSMENT.

FILED NOVEMBER 16, 1929. No. 27181.

*F. E. Randall, A. G. McBean* and *K. F. Oehler,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *L. Ross Newkirk, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DEAN, J.

The state board of equalization and assessment, hereinafter called the board, was created under section 5898, Comp. St. 1922, and consists, *ex officio*, of four elective state officers, namely, the governer, the secretary of state, the state auditor, and the state treasurer, and also the tax commissioner. August 2, 1929, at a meeting of the board, an order was executed increasing the assessed valuation of all telephone properties throughout the state, in the sum of 20 per cent., as stated, for the year 1929, as reported by the abstracts of assessed property in the several counties. Thereupon, in due course, the board ordered that the 20 per cent. increase be duly certified to all county clerks to the end that such required increase might be regularly carried on the tax rolls. It clearly appears that the order complained of was entered by the board without notice to the counties making the return and without affording sufficient opportunity to be heard by the board. And it also appears that the board did not call any witnesses nor was any testimony whatever considered in respect of the increased valuation of the telephone property in question.

When the order which purports to increase the assessed valuation was published, plaintiff, under authority of section 5901, Comp. St. 1922, filed a petition for a writ of error wherein the assignments of alleged error were set out. And, pursuant to an order issued by this court, the writ was allowed and the subject-matter of the controversy is now before us for final decision on the merits.

Section 5901, above cited, provides that the board shall issue a notice to the counties which it deems under-valued or over-valued on the tax list, as the facts may appear to warrant, and it is also provided in the same section that the board thereupon "shall set a date for hearing at least five days following the mailing of such notice. At such hearing legal representatives of the counties may appear and show cause why the valuation or valuations of their county should not be increased or decreased by the state board, and after a full hearing, the state board shall enter

its order and certify the same to the county clerks of the proper counties as hereinbefore set forth in this section."

Plaintiff, as herein noted, contends and it is not denied, that no notice was given by the board that a hearing would be held in respect of the proposition to raise the assessed valuation, and that no opportunity was given to the company to submit evidence thereon. In 3 Cooley, Taxation (4th ed.) sec. 1123, the learned author says:

"But as an increase in an assessment is not frequent, and will seldom be anticipated by the taxpayer, who will not be likely to attend upon the review except to seek a reduction, it seems safer and more just to hold, as has generally been done, that the taxpayer should have personal notice of any purpose to increase the assessment made against him."

In *Bankers Life Ins. Co. v. County Board of Equalization,* 89 Neb. 469, we adopted the following rule, and it is, in principle, plainly in point here:

"The taxpayer has a right to rely upon his sworn return made to the assessor, unless notice is given him of an intention to increase the amount thereof. A change of schedule without notice should be treated as a complaint made by the assessor to the board of equalization, and notice should be given of such complaint and an opportunity for a hearing should be afforded. Any substantial increase of the schedule without notice and an opportunity for a hearing amounts to the taking of the property of a citizen without due process of law, and is void."

Substantially a like rule prevails in many of our sister states. The rule in New York follows:

"A law imposing an assessment for a local improvement without notice to, and a hearing, or an opportunity to be heard, on the part of the owner of the property to be assessed, has the effect to deprive him of his property without 'due process of law,' and is unconstitutional. * * * So, also, it is immaterial that the assessment has been in fact fairly apportioned, the constitutional validity of the act is to be tested, not by what has been, but by what may be done under it." *Stuart v. Palmer,* 74 N. Y. 183.

In *Dahnke-Walker Co. v. Bondurant,* 257 U. S. 282, 289,

the court said: "A statute may be invalid as applied to one state of facts and yet valid as applied to another. * * * Besides, a litigant can be heard to question a statute's validity only when and so far as it is being or is about to be applied to his disadvantage."

In Michigan this rule was announced: "A taxpayer's assessment cannot be raised by a city board of review without such notice to him as will enable him to appear and object to the valuation on which it rests; if raised without such notice he is only liable upon the former assessment, and if he pays the whole under protest he can recover back the excess in an action against the city therefor." *Avery v. East Saginaw,* 44 Mich. 587.

The supreme court of Kansas held: "Before the county commissioners have power to raise the valuation of personalty, notice must be given the taxpayer, and he have an opportunity to show that the valuation returned is correct." *Kansas Pacific R. Co. v. Russell,* 8 Kan. 558. See, also, *McConkey v. Smith,* 73 Ill. 313; *County Commissioners of Alleghany County v. New York Mining Co.,* 76 Md. 549.

*South Platte Land Co. v. Buffalo County,* 7 Neb. 253, is an early case wherein this rule was announced:

"The county commissioners, acting as a board of equalization, cannot raise the assessment on property without giving notice to the owner; and if they do so increase the assessment of property without notice, they act without jurisdiction of the person or subject-matter, and their proceedings are void, and of no effect."

The great weight of authority, as disclosed by text-writers and adjudicated cases, clearly holds to the proposition that an assessed valuation of property cannot be increased without due notice to the owner of such property, and this to the end that he may first be heard. Where an increase in the assessed valuation of any class or classes of property, as returned by any county or counties, is made by the state board of equalization and assessment without notice to such county or counties, and without affording sufficient opportunity to be heard, such increase is in vio-

lation of section 5901, Comp. St. 1922, and amounts to confiscation of property without due process and is therefore a void increase of assessment.

It follows that the order of the board of equalization complained of herein which, in express terms, increases the assessed valuation of the property in suit 20 per cent. must be, and it hereby is, vacated and held for naught.

JUDGMENT ACCORDINGLY.