NORTHERN NEBRASKA POWER COMPANY, APPELLANT, V.
HOLT COUNTY, APPELLEE.

FILED FEBRUARY 20, 1931. NO. 27543.

*J. A. Donohoe,* for appellant.

*C. A. Sorensen, Attorney General, L. Ross Newkirk* and *Julius D. Cronin, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The Northern Nebraska Power Company brought this action to recover the amount of a tax paid under protest

to Holt county by reason of a franchise tax levied against it. The tax in question was levied by virtue of a certificate transmitted to the county assessor by the state tax commissioner. This certified that the franchise value of the Northern Nebraska Power Company for 1929 for Holt county was $20,000. The state tax commissioner purported to act under section 77-801, Comp. St. 1929. Holt county filed a demurrer to the petition of the plaintiff, which was sustained by the trial court. The plaintiff elected to stand on its petition and the cause was dismissed by the court.

The power company contends that the assessment attempted to be made was unlawful and void for the reason that it was not subject to a franchise tax under the provisions of the law, since it was engaged only in the business of manufacturing and selling electric energy at its generator. Section 77-801, Comp. St. 1929, under the provisions of which this tax was levied, in so far as pertinent to a decision of this case, is as follows:

"Each and every person, association, copartnership, joint stock company or corporation, organized under the laws of this state or any other state or government engaged in street railways, waterworks, *electric lights,* gas works, natural gas, mining, express, telegraph, telephone business in the state of Nebraska, *and all other like companies and like associations* (italics ours), or owning or operating a pipe line in the state of Nebraska, whether such line is used for * * * lighting, heating, power or other purpose, or for the transmission of articles by pneumatic or other power, shall, in addition to listing the tangible property owned in each governmental subdivision by such person, association, copartnership, joint stock company or corporation, and being taxed thereon in like manner as other tangible property is taxed in the governmental subdivision, shall furnish to the local assessor and to the tax commissioner a sworn statement of the amount of the capital stock, setting forth particularly:"

The first and most serious question to be determined in this case is whether or not the plaintiff is one of the class of corporations subject to the franchise tax provided by the foregoing statute. The petition alleges and the demurrer admits that the plaintiff owns and operates a hydroelectric power plant on the Niobrara river at a place between Holt and Boyd counties; that the sole business of the plaintiff is that of manufacturing and selling electric energy at its generator.

The plaintiff corporation is one of the corporations enumerated in section 77-801, Comp. St. 1929. It is a corporation engaged in "electric lights," and is conclusively comprehended in said statute by the language in the modifying clause, "and all other like companies." It requires no stretch of the imagination to reach this conclusion. The power company contends that the electric energy may be, and is, used for other purposes besides light, and that it might be used entirely for power. The plaintiff is engaged in the generation of electric energy and it may be used for light or power, and the electric energy used for power is like that used for light. The generating plant is comprehended and included in the term electric light works. 20 C. J. 302. If all the plaintiff's electric energy were used for power, which it is not, it would still be a corporation like one engaged in electric lights.

From the statute alone, it is obvious that the intention of the legislature was to tax the franchise "to do" or the right to engage in electric light or a like business. It was not the intention to tax the franchise "to be" or the right of corporate existence. This is sufficient answer to the plaintiff's contention that it had already made a return of all its taxable property, when it is admitted that no return was made under this statute. This distinction is clearly and ably drawn by Letton, J., in an opinion construing this statute at a time before it had been amended to include certain franchises now included, but as applicable now as then. *Western Union Telegraph Co. v. City of Omaha,* 73 Neb. 527. This statute provides for a tax

imposed upon the franchise which public utility and public service corporations have been granted. The plaintiff has the right to purchase, own and operate electric plants capable of generating and transmitting electric current for sale. Its power to acquire a right of way for its works and to erect poles and wires along the state lands and public highways of the state, as provided by section 86-303, Comp. St. 1929, is a franchise. But it is argued that the energy is sold at the generator without being transmitted. We submit that the right is still a valuable one, and if it serves no other useful purpose it enables them to more advantageously sell their electric energy than if compelled to sell it to one who could or would come to their plant for it. In *Western Union Telegraph Co. v. City of Omaha, supra,* it was held that the term "franchise" is a generic term and includes all rights and privileges granted to or exercised by an individual or corporation engaged in public service. To the same effect is the holding in *Nebraska Telephone Co. v. City of Lincoln,* 82 Neb. 59. It seems that the exercise of franchise rights is not essential to render the franchise subject to taxation.

Furthermore, this is a hydroelectric plant, using the public waters of the state in the generation of electric energy. If at present it is not engaged in the transmission of the current over its own lines, it is selling it for distribution. It is a vital and a necessary part of an electric light and other like business. Section 5, art. XV of the Constitution, provides: "The use of the water of every natural stream within the state of Nebraska is hereby dedicated to the people of the state for beneficial purposes, subject to the provisions of the following section." Section 7 of the same article provides: "The use of the waters of the state for power purposes shall be deemed a public use and shall never be alienated, but may be leased or otherwise developed as by law prescribed." Section 46-502, Comp. St. 1929, provides: "The water of every natural stream not heretofore appropriated within the state of Nebraska is hereby declared to be the property

of the public, and is dedicated to the use of the people of the state, subject to appropriation as herein provided."

In *Kirk v. State Board of Irrigation*, 90 Neb. 627, it is said: "In this state, the water of running streams is *publici juris;* its beneficial use belongs to the public and is controlled by the state in its sovereign capacity." The right to appropriate the public water of the streams of the state for the beneficial purpose of generating electric energy is a franchise.

Section 46-602, Comp. St. 1929, confers the right of eminent domain to procure sites for works for power purposes upon all persons desirous of constructing such works. This is a franchise and special privilege conferred by the state upon individuals, which is valuable. *Chicago & W. I. R. Co. v. Dunbar*, 95 Ill. 571; *Fayetteville Street Ry. v. Railroad*, 142 N. Car. 423; *Goddard v. Chicago & N. W. R. Co.*, 202 Ill. 362.

Lastly, the plaintiff contends that the assessment of the tax was void for the further reason that it was assessed and levied without notice. Under the provisions of the statute, the state board of equalization and assessment has been constituted the original assessing authority by section 77-802, Comp. St. 1929. It is their duty to determine the franchise value. The time and place of the meeting of the board is fixed by section 77-1004, Comp. St. 1929, as "the first Monday of July of each year, * * * at the state capitol." Where the statute designates the time and place for the meeting of the assessing board, personal notice to the taxpayer is not necessary. *Chicago, B. & Q. R. Co. v. Richardson County*, 72 Neb. 482; *Hacker v. Howe*, 72 Neb. 385. This tax was levied upon property which had not been returned by the plaintiff. The power company contends that the petition alleges and the demurrer admits that it had made a return of all of its property for taxation. However, their claim herein is presented upon the theory that they are not subject to a franchise tax. The petition clearly and definitely sets out this theory. The assessment of this franchise tax was

made without a return having been made by the company. It was not an increase or a raise of an assessment heretofore made, since it was the original assessment. The case cited by the plaintiff, *Northwestern Bell Telephone Co. v. State Board of Equalization and Assessment*, 119 Neb. 138, is not applicable to this case, for the reason that it discusses an increase in the tax by the board without notice.

The case presents no legal reason supporting the allegation that the tax assessed is void and should be recovered by the plaintiff. The judgment of the district court is

AFFIRMED.