In the Matter of the Equalization of the Assessed Valuation of Lands and Town Lots in Scotts Bluff County, Nebraska, for the Year 1943. Scotts Bluff County v. State Board of Equalization and Assessment of the State of Nebraska.

11 N. W. (2d) 453

Filed October 22, 1943.   No. 31715.

*Straight Townsend, W. H. Kirwin* and *Herman Ginsburg,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Edwin Vail, contra.*

Heard before Simmons, C. J., Paine, Carter, Chappell and Wenke, JJ., and Polk and Nuss, District Judges.

WENKE, J.

This action by petition in error is brought here by the county of Scotts Bluff, as plaintiff in error, from the action of the state board of equalization and assessment, defendant in error, making certain changes in the 1943 assessed valuation in Scotts Bluff county, asking that we hold void the action of the state board.

For the purpose of this opinion the plaintiff in error will be referred to as the county, the county board of equalization of Scotts Bluff county as the county board, and the defendant in error as the state board.

The record discloses that in 1942 the county board made certain changes in the valuation of a part of the real estate and the improvements thereon by increasing it from 12 to 75 per cent. In 1943 the county board reduced all the property 20 per cent. that had been raised 50 per cent. or more the previous year.

On July 26, 1943, pursuant to notice given the county, hearing was had and after making its findings, including the following: "The State Board of Equalization and Assessment is of the opinion that the County Board of Equalization of Scotts Bluff County was without legal power or authority under the law of the State of Nebraska to make such reduction in the assessed valuation in lands and town lots in the year 1943 and in the manner in which the same was made," the state board passed the following resolution which the county seeks to hold void:

"Now, therefore, be it resolved by the State Board of Equalization and Assessment that the assessed valuation of lands and town lots of Scotts Bluffs County, Nebraska, as shown by their Abstract of Assessment, returned to the State Tax Commissioner, be, and the same is hereby ordered, increased 25 per cent. for the purpose of restoring on the assessment rolls the former 1942 assessed valuation of such land and town lots as were reduced 20 per cent. by the action of the County Board of Equalization of Scotts Bluff County in the year 1943.

"Be it further resolved that the amount of this increase,

to wit, 25 per cent. shall be certified to the County Clerk of Scotts Bluff County with instructions to add an amount equal to the per cent. of such increase to the assessed valuation of each piece or parcel of real estate in said county affected by said flat reduction of 20 per cent.; and that the County Clerk of said county be instructed to extend the same upon the tax rolls of Scotts Bluff County."

A more detailed statement of the raises made by the county board in 1942 discloses that the city property in Gering, Morrill, Scottsbluff, and Mitchell was raised 75 per cent. on improvements and 50 per cent. on lots; that in other towns in the county the raise was 50 per cent. on improvements and nothing on the lots; that irrigated lands classified as one, two, three, and four were raised 75 per cent. and that improvements on leased land and school-land were raised in proportion but that in fact the improvements of sugar factories were increased 12 to 14 per cent.; that the raises did not affect all lands nor did it equally affect all improvements, so that the decrease of 20 per cent. made in 1943 was not applicable to either all of the lands, town lots, or improvements in Scotts Bluff county.

There are two questions presented in this action: First, did the state board have authority to question the validity of the action of the county board? Second, did the action taken by the state board, as shown by its resolution, come within the scope of its authority?

Can the state board review the validity of any act of the county board? The powers and duties of the county board are fixed by statute, chapter 77, art. 17, Comp. St. 1929, particularly section 77-1702 thereof. From any action taken by the county board the statute section 77-1705, Comp. St. 1929, provides for appeal to the district court. From an examination of the statutes fixing the powers and duties of the state board, chapter 77, art. 10, Comp. St. 1929, as amended by chapter 77, art. 10, Comp. St. Supp. 1941, and particularly section 77-1004, we find no authority given the state board for appellate procedure to review the actions of the county boards. These boards act solely by

virtue of these statutes which brought them into being and prescribed their powers and functions, and, of course, they can only exercise the powers conferred by express enactment or by necessary implication. The general rule, as stated in 61 C. J. 749, is as follows: "The state board of equalization is not a tribunal of appellate jurisdiction. It is revisory but not appellate, and, unless such power is specially conferred, it has no power to review the action of the other assessing bodies." And as stated in *Des Moines Gas Co. v. Saverude*, 190 Ia. 165, 180 N. W. 193: "Its function (state board) is the equalization of the value of property between the several counties, not to review the action of the assessor or of the local board of review, or of the district court on appeal." And as stated in *Dayton v. Board of Equalization*, 33 Or. 131, 50 Pac. 1009: "The state board is in no sense a board of review, with power to correct the errors of the county boards or the assessors. They deal with assessments of individuals, and an equalization of values between them; and the state board with equalization between districts, to wit, between the several counties in the state,—functions entirely dissimilar and distinct." The Nebraska state board of equalization and assessment is, under the powers and duties conferred upon it by statute, in no sense a board of review with power to correct the errors of the county boards or assessors. County boards deal with assessments of individuals and between townships, precincts, or districts within the county, while the state board deals with equalization between counties or tax districts, that is, between the several counties in the state—functions entirely distinct. This court cannot consider and correct any errors and irregularities of the assessors or county boards in their proceedings upon a petition in error from the actions of the state board.

Was the action of the state board within the powers conferred upon it by the statute? That part of section 77-1004, Comp. St. Supp. 1941, under the provisions of which the state board was proceeding, conferred powers and duties on the state board which are material to this proceed-

ing, as follows: "They shall proceed to examine the abstracts of real and personal property assessed for taxation in the several counties of·the state, * * * and shall equalize such assessment so as to make the same conform to law, and for that purpose they shall have the power to increase or decrease the assessed valuation of real and/or personal property of any *county* or *tax district,* and such increase or decrease shall be made by a per centum, and the per cent. of increase or decrease when made shall be certified to the county clerk of the proper county, who shall thereupon add to or deduct from the assessment of each item of personal property and of each piece or parcel of property in the county affected an amount equal to the per cent. of increase or decrease fixed by the state board. The state board shall have the power, in equalizing assessments, to increase or decrease the assessed valuation of any *class, classes* or *kinds* of property, personal, real and/or mixed in any *county* or *tax district,* whenever in their judgment it shall be necessary to make such assessment conform to law; * * * ." (Italics ours.) As we.have stated in *Hacker v. Howe,* 72 Neb. 385, 101 N. W. 255: " * * * the county assessor shall ascertain the value in the first instance, and that the valuation as thus determined is subject to correction and review as between individual taxpayers and taxing districts in the county by the county board of equalization and that the values of the property of the different counties in the aggregate as thus determined may be adjusted and equalized by the state board of equalization, to the end that all property of the different counties may contribute its just and equitable proportion of the public revenues." And further states (p. 400) : "The state board does not deal with individual assessments but with the property of a county as a whole, and if it appears to them to be assessed at a valuation relatively lower or higher than the property in all other counties, the whole is affected by the order of equalization, and not the different items or classes." And as stated in 61 C. J. 751: "The function of a state board of equalization is to equalize the valuation among the several coun-

ties, or districts, if the statute so provides, of the state, so that the share of tax imposed upon each county or district shall be justly proportioned to the value of the taxable property therein; and, except as otherwise specially provided, equalization as between the counties is its sole function. It cannot increase or decrease the valuation of a part of one of the counties or districts, nor can it equalize the values of property among the holders thereof within a certain district of the county, * * * ." Under section 77-1004, Comp. St. Supp. 1941, and our construction thereof, the state board of equalization and assessment cannot deal with individual taxpayers, and cannot adjust inequalities between townships, precincts, or districts within the county, but deals only with the values of taxable property of the county as a whole as to any class, classes, or kinds of property, personal, real, or mixed.

The facts disclose that the property affected by the raises made by the county board in 1942 did not cover all of the property of any class or kind. Part of the irrigated land was raised, part of the town lots were raised and improvements were raised in varying amounts. The reduction made by the county board in 1943 did not apply to all of the lands, town lots, or improvements in the county. Since the action of the state board was to restore the reductions made by the county board, it, consequently, did not apply to all of the property of Scotts Bluff county as to any class, classes, or kinds of property either personal, real, or mixed and the action of the state board was not within the powers conferred upon it by statute and therefore void.

The action of the state board being outside of the powers conferred upon it by statute is void and therefore vacated and set aside. The action of the state board is reversed.

REVERSED.