THE COUNTY OF ANTELOPE, NEBRASKA, THE COUNTY OF BOONE, NEBRASKA, THE COUNTY OF MADISON, NEBRASKA, THE COUNTY OF STANTON, NEBRASKA, APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT. APPELLEE.

21 N. W. 2d 416

FILED JANUARY 11, 1946. Nos. 32020, 32021, 32022, and 32023.

*Elven A. Butterfield, William Keeshan, Andrew D. Mapes,* and *T. L. Grady,* for appellants.

*Walter R. Johnson, Attorney General, Edwin Vail,* and *Homer Kyle,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is an appeal to this court from an order made July 18, 1945, by the State Board of Equalization and Assessment by the counties of Antelope, Boone, Madison, and Stanton. The order appealed from directed that a blanket reduction of 20 percent in the assessed valuation of all farm tractors and a reduction of 15 percent on all motor vehicles be made in all the counties of the state.

It appears that the said State Board of Equalization and Assessment held its regular meeting July 2, 1945, the same being the first Monday in July, as required by section 77-505, R. S. 1943.

The record discloses that protests against the valuations of motor vehicles and farm tractors had been made by a number of organizations, but by no counties. It was announced that the board would meet on July 16, 1945, for the purpose of hearing such protests. The board met on July 16, and the record shows that many persons appeared, representing various organizations, and made oral statements and submitted letters and other evidence in relation to the assessments of farm tractors and motor vehicles, and thereupon the board adjourned, subject to the call of the chairman, and met again on July 18, 1945. The record sets out that a motion was duly made and carried "that the 1945 assessed values on all motor vehicles be reduced 15% in all counties of the state; and that 1945 valuation of all farm tractors in all counties of the state be reduced 20%."

In the brief of the four county attorneys representing appellants, it is assigned as error: (1) That said order of the State Board of Equalization and Assessment is illegal and void for the reason that prior to the entry thereof no notice was issued to the respective counties of the state of Nebraska, as provided by section 77-508, R. S. 1943; (2) that said State Board of Equalization and Assessment had no jurisdiction or power to decrease the assessed valuation of any class or kind of property, except in the equalization of as-

sessments as between counties, and therefore had no jurisdiction or power to decrease the assessed valuation of a class of property by a uniform percentage in all the counties of the state.

The Attorney General admits that the State Board of Equalization and Assessment did not send out any notices to the counties, as provided in section 77-508, R. S. 1943, and contends that the board proceeded to act under sections 77-506 and 77-507, and to examine the abstracts of real and personal property assessed for taxation in the several counties of the state, and made a decrease by percentage, and certified the same to the county clerks. It is the contention that this was not an equalization between counties, but was an equalization as to two particular items over the entire state, the Attorney General contending that the notice is only required when it is an equalization between certain counties.

In examining the law affecting this question, we find that the earliest act provided for a "State Board of Equalization," in section 29, Laws 1869, p. 191, but no notice was required to be given of its meetings. In the revenue act of 1903, the name was changed to "The State Board of Equalization and Assessment." Laws 1903, s. 130, p. 434.

In Hacker v. Howe, 72 Neb. 385, 101 N. W. 255, it was held that no notice was required except the one given by the statute. The Legislature of 1909 amended the law, and provided that a notice should be issued to counties that are undervalued, requiring them to appear and show cause why the assessment of such county should not be increased. Laws 1909, s. 2, p. 447.

In Laws 1921, art. XI, s. 4, at page 591 occurs an amendment repealing the provision for the notice just discussed, and enacting in its place an entirely new requirement as to notice, reading as follows: "In the event it shall appear to the State Board of Equalization and Assessment that a just, equitable and legal assessment of the property in the state cannot be made without increasing or decreasing the valuation as returned by any county, the Board of Equal-

ization and Assessment shall issue a notice to the counties which the board deems either under-valued or over-valued and shall set a date for hearing at least five days following the mailing of such notice."

This section of the act of 1921 became section 5901, Comp. St. 1922, and came before this court in four companion cases. Three of these involved an increase in valuation of all the telephone properties in the state, and the fourth involved an increase of 10 percent in the assessed valuation of cattle in all the counties of the state. It was held by this court that, where an increase in the assessed valuation of any class of property is made by said State Board of Equalization and Assessment without notice to the counties, and without affording sufficient opportunity to be heard, then such increase was in violation of said section 5901, Comp. St. 1922. Northwestern Bell Tel. Co. v. State Board of Equalization and Assessment, 119 Neb. 138, 227 N. W. 452; American Tel. & Tel. Co. v. State Board of Equalization and Assessment, 119 Neb. 142, 227 N. W. 455; Lincoln Tel. & Tel. Co. v. State Board of Equalization and Assessment, 119 Neb. 137, 227 N. W. 454; Stanton County v. State Board of Equalization and Assessment, 119 Neb. 136, 227 N. W. 454.

The State Board of Equalization and Assessment has no power or authority except as specifically conferred upon it by statute.

. In a case involving a county board of equalization, this court said: "The county board of equalization can only exercise such powers as are expressly granted by statute, and when the law prescribes the mode they must pursue in the exercise of these powers, it excludes all other modes of procedure." Brown v. Douglas County, 98 Neb. 299, 152 N. W. 545.

"The state board of equalization and assessment is, under the powers and duties conferred upon it by statute, in no sense a board of review with power to correct the errors of the county boards of equalization or assessors." Scotts Bluff County v. State Board of Equalization and Assess-

ment, 143 Neb. 837, 11 N. W. 2d 453. See, also, Des Moines Gas Co. v. Saverude, 190 Iowa 165, 180 N. W. 193.

This section of our statute relating to the required notice became section 77-1004, Comp. St. 1929, and while the act was amended in Laws 1933, s. 1, p. 505, the identical language with respect to the giving of notice to the counties was retained.

This long and involved section, found as section 77-1004, Comp. St. 1929, has now been separated into six sections, 77-505 to 77-510, R. S. 1943, but the only change made in the text was to eliminate the ambiguous phrase "and/or."

With this review of the pertinent provisions of the law, we are now ready to pass on the question presented to us in this appeal, which is: May the State Board of Equalization and Assessment enter an order reducing the value of all farm tractors 20 percent and reducing the value of all motor vehicles 15 percent in all the counties of the state, without first giving statutory notice to the respective counties?

Section 77-508, R. S. 1943, which provides for the notice, reads as follows: "In the event it shall appear to the State Board of Equalization and Assessment that a just, equitable and legal assessment of the real or personal property in the state cannot be made without increasing or decreasing the valuation of such real or personal property as returned by any county, the board shall issue a notice to the counties which the board deems either undervalued or overvalued, and shall set a date for hearing at least five days following the mailing of such notice. The notice shall be mailed to the county clerk, county assessor and chairman of the county board."

The purpose of the notice is to give the legal representatives of each county affected an opportunity to appear and show cause why the valuations of their counties should not be changed. The reducing of the amount by the State Board of Equalization and Assessment affects the counties adversely, while an increase affects the property owners adversely.

This provision for a notice has been before this court in the four companion cases discussed herein, in which the main opinion appears in the Northwestern Bell Telephone Company case, *supra*, and this court there held the increases were void because of the failure to give this required statutory notice.

We are compelled to hold that, without giving the statutory notice, the State Board of Equalization and Assessment had no jurisdiction to so decrease the assessed valuation of farm tractors and motor vehicles, and said order is void.

In the appellants' assignment of errors, they present a second question, which, stated briefly, is whether the State Board of Equalization and Assessment has power to make a blanket reduction of a particular class of property in all the counties of the state. In view of our holding in the case before us, it is not necessary or proper that we pass upon that question.

We have reached the conclusion that the order of the State Board of Equalization and Assessment complained of herein, which in express terms attempted to decrease the assessed valuation of farm tractors 20 percent and of motor vehicles 15 percent in all the counties of the state, is void.

ORDER REVERSED.