IN RE VALUATION AND EQUALIZATION.
COUNTY OF OTOE, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
COUNTY OF BROWN, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
AUGUSTINE J. RHODES, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
COUNTY OF RICHARDSON, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
COUNTY OF LOUP ET AL., APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
156 N. W. 2d 728

Filed February 16, 1968. Nos. 36763, 36776, 36780, 36785, 36764, 36765, 36768, 36770, 36771, 36772, 36773, 36775, 36778, 36786.

Richard H. Hoch, Samuel C. Ely, C. Russell Mattson, W. H. Kirwin, Harold L. Gurske, J. Clark Noble, Jack H. Hendrix, William W. Griffin, Vernon F. Duncan, Cecil W. Orton, Henry F. Reimer, T. L. Grady, Francis R. O'Brien, A. F. Alder, Robert C. Bosley, and McGrath, North, Nelson & Shkolnick, for appellants.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The Legislature enlarged the time for appeal from valuation orders made by the State Board of Equalization and Assessment in the year 1966. In August 1967, 13 counties and a taxpayer of another county appealed from a board decision entered in August 1966. Constitutional objection to the statutory provision has been raised by motions to dismiss the appeals. The motions are based on the prohibition against special legislation regulating the practice of courts of justice. Art. III, § 18, Constitution of Nebraska.

Since 1921 the period fixed for appeal from a decision of the board has been 10 days. § 77-510, R. R. S. 1943. The provision for enlargement which was enacted in July 1967 reads in part: "Notwithstanding * * * section 77-510, any person, county or municipality affected by any final decision of the State Board * * * made in the year 1966 with respect to the valuation of * * * property may prosecute an appeal to the Supreme Court by giving notice * * * on or before thirty days after the effective date of this act." Laws 1967, c. 506, § 3, p. 1706.

The board met in 1966 for the purpose of equalizing statewide the assessed valuations of real property which was divided into four classes. Officials of the 93 counties

of the state were notified, and 12 counties named in the present appeals were among 90 that appeared at the hearing. Evidence was taken, and the valuations returned by each county assessor were reviewed. The board then ordered 84 counties to increase their valuations of one or more classes. On appeals taken within 10 days the order was reversed as to 14 counties that are not named in the present appeals. Our opinions were released in May 1967. In re Valuation & Equalization of Real Property in the State of Nebraska for 1966, 181 Neb. 725-757, 150 N. W. 2d 878-900.

The general test of constitutionality with respect to prohibitions against special legislation is reasonableness of classification and uniformity of operation. A statute fixing a time for appeal to a court regulates the practice of courts of justice. The Legislature is of course under no duty to prescribe a single limitation. It possesses a wide discretion. See, Bachus v. Swanson, 179 Neb. 1, 136 N. W. 2d 189; City of Mitchell v. Western Public Service Co., 124 Neb. 248, 246 N. W. 484. See, also, Cohen v. City of Alameda, 168 Cal. 265, 142 P. 885; Board of Education v. County Board of School Trustees, 28 Ill. 2d 15, 191 N. E. 2d 65.

We are told that the extension of time is justified by amendments of a refund statute. In 1965 the section provided for refund of illegal taxes and penalties. Former § 77-1736.04, R. R. S. 1943, as amended by Laws 1965, c. 494, § 1, p. 1581. By an amendment effective June 14, 1966, illegal penalties alone were recoverable. Laws 1966 (Spec. Sess.), c. 2, § 1, p. 60. In July 1967, the Legislature provided for refund of that portion of a tax based upon a valuation increase subsequently determined invalid. Laws 1967, c. 506, §§ 1 and 2, pp. 1704 and 1705. Appellants emphasize the amendments in argument along these lines: No provision for tax refunds existing in May, our decisions effected a preference for individuals whose taxes in the 14 counties were unpaid. The Legislature therefore authorized tax refunds. Because our

opinions implied that every increase was arbitrary, the Legislature in section 3 of the 1967 act extended the time for appeal. The argument has force, but we should consider also the nature of this function of the board, the distribution of political power, and the necessity for efficient operation of the administrative machinery.

Statewide equalization of assessments, like appropriations for expenses of government, increases the burden of some taxpayers. The consequence is, however, so indirect that private complaint about overassessment must be heard in other proceedings. In that sense statewide equalization is far removed from individual assessment; the functions are entirely dissimilar and distinct. Scotts Bluff County v. State Board of Equalization & Assessment, 143 Neb. 837, 11 N. W. 2d 453; County of Howard v. State Board of Equalization & Assessment, 158 Neb. 339, 63 N. W. 2d 441.

In reviewing the distribution of political power, we said that the board had no power or authority other than that specifically conferred by statute. County of Antelope v. State Board of Equalization & Assessment, 146 Neb. 661, 21 N. W. 2d 416. The sweeping restriction is inconsistent with the following constitutional provision: "(The) Tax Commissioner * * * together with the Governor, Secretary of State, State Auditor and State Treasurer shall have power to review and equalize assessments of property for taxation within the state." Art. IV, § 28, Constitution of Nebraska. In statewide equalization, the board exercises constitutional power instead of authority delegated by the Legislature.

Upon reversal of the equalization order the board is not required to reinstate valuations returned by the county assessor. For present purposes we need not mark off the precise limits upon its authority in those situations. It is enough that fractionation of board reconsideration because of appellate decisions a year apart would strain the administrative machinery.

All counties were notified of the hearing in 1966.

When the board entered its orders, every county and every taxpayer had an equal opportunity to appeal. Whatever action the board may have taken after the reversals, no one then complained. The provision extending appeal time singles out the year 1966 for reasons remote from statewide equalizaiton. It is a device for shifting tax burdens in that its sole purpose is ultimately to effect refunds for some taxpayers. The issue is equalization, not individual refunds. If the Legislature in 1967 constitutionally extended the time for appeals from the 1966 decisions, it would perhaps be able to do likewise in 1969 and subsequent years. Should the board readjust the 1966 valuations for these 14 counties, other counties would be in a position to complain of resulting inequality in their own assessments and deprivation of their right to appeal. Such controversies must come to an end if efficiency and economy are worthwhile objectives of government. The enlargement of time for appeal is special legislation prohibited by the Constitution.

APPEALS DISIMSSED.

NEWTON, J., concurring in result.

I am not entirely convinced that Laws 1967, c. 506, § 3, p. 1706, mentioned in the opinion of Smith, J., is unconstitutional as special legislation. I do agree with the result arrived at. This section appears to be in violation of Article 3, section 14, of the Constitution of the State of Nebraska. See Chicago, B. & Q. R.R. Co. v. County of Box Butte, 166 Neb. 603, 90 N. W. 2d 72.