REQUESTED BY: Senator Vard R. Johnson Nebraska State Legislature State Capitol, Room 1101 Lincoln, Nebraska 68509
Dear Senator Johnson:
You have requested our opinion concerning the constitutional validity of LB 69 in light of its recent proposed amendment. In particular, you have raised the question as to whether the amendment would constitute special legislation.
LB 69 requires the use of child passenger restraint systems, and the proposed amendment which you have questioned would exclude children that are passengers of pickup trucks. It is our conclusion that if such an amendment is adopted, it would be difficult to defend this bill against a constitutional attack.
The question of special legislation has been dealt with frequently by our Court, and certain fundamental guidelines have been established.
 A legislative classification, in order to be valid, must be based upon some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects to be classified. Classifications for the purpose of legislation must be real and not illusive; they cannot be based on distinctions without a substantial difference.
(Emphasis in original.) State ex rel. Douglas v. Marsh,207 Neb. 598, 609, ___ N.W.2d ___ (1980).
The purpose of LB 69 is obviously to provide a greater degree of safety for young children who are passengers in motor vehicles. It would not appear that the exemption of pickup trucks from the operation of the proposed legislation is based upon any real difference in situation or circumstances. It is essential that legislation operate uniformly in order to be valid. Otoe County v. State Board of Equalization Assessment, 182 Neb. 621, 156 N.W.2d 728 (1968). Therefore, it is our opinion that such an exemption could very well render this legislation constitutionally invalid.
Sincerely, PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter Assistant Attorney General