REQUESTED BY: Senator Don Wesely Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Wesely:
You have asked a number of questions regarding Legislative Bill 611, as presently amended, generally as to the liability of the counties and State under reduced standards of maintenance for county roads.
First, as to whether a county could, without incurring liability, remove a bridge and fail to make appropriate roadbed alteration or barricade the gap, we are of the opinion that if a county keeps a road open, it must keep it reasonably safe for travelers. The Nebraska Supreme Court, in the case of Christensen v. City of Tekamah, 201 Neb. 344,268 N.W.2d 93 (1978), has summarized pertinent law on the matter. First, it noted that, `Section 23-2411 R.R.S. 1943, expressly states that all prior case law which evolved from former section 39-834, R.R.S. 1943, shall be applicable in deciding cases governed by section 23-2410, R.R.S. 1943'. Second, it stated, `This court has held that a county is not an insurer of the safety of travelers on its roads, but must use reasonable and ordinary care in the construction, maintenance, and repair of its highways and bridges so that they will be reasonably safe for a traveler using them while he is in the exercise of reasonable and ordinary caution and prudence.' Third, it noted that `The public authority is not liable for a failure to remedy trivial irregularities, slight depressions, or other minor inequalities in the surface of the highway . . . .', but, `Holes, ruts, or depressions in the street or sidewalk may give rise to a right of action for injuries caused thereby if they are of such a nature that danger might reasonably be anticipated.' Therefore, it is concluded that it would be unsafe to rely on the protection of administrative minimum standards which are below the court standards enumerated above.
Second, on the question of a county escaping liability on the basis of compliance with State promulgated minimum maintenance standards, what has been said in answer to your first question is considered equally applicable. It appears that it was indeed the intent of renumbered Sec. 6 of the bill to allow escape from liability, but it is not considered to have repealed Neb.Rev.Stat. § 23-2411 (Reissue 1977), which still, as previously pointed out, imposes the standard of reasonable and ordinary care.
Third, as to possible State liability for setting standards allowing dangerous conditions, it is considered that there would be no such liability under the provisions of Neb.Rev.Stat. § 81-8,219 of the State Tort Claims Act, which states in pertinent part:
 (1) The provisions of this Act shall not apply to: (a) Any claim based upon an act or omission of an employee of the State, exercising due care, in the execution of a statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a State agency or an employee of the State, whether or not the discretion be abused; . . .
Fourth, you ask whether Neb.Rev.Stat. § 39-2113 (Supp. 1980) allows counties to gain permission to maintain a little used stretch of road to lesser standards. Said statute does state, in pertinent part:
 Any county or municipality which believes that the application of such standards to any segment of highway, road, or street would work a special hardship, or other interested party which believes that application of such standards to any segment of highway, road, or street would defeat the purpose of the scenic-recreation functional classification contained in this Act, may request the board to relax the standards for such segment.
Thus, the answer to your question is `yes'.
Fifth, you ask the measure of the county's liability if lesser standards are permitted under Section 39-2113. Assuming that you still mean liability to the public for damages occasioned by insufficient maintenance or repair of a road, you are again referred to the answer to question one, which sets a standard of reasonable and ordinary care. This, of course, always raises questions of fact, which can only be finally determined by a court.
Sixth, you ask: `If the county were free from liability on compliance with the lesser standards, would the State be vulnerable to a lawsuit for damages on the basis that the standards should not have been relaxed?' It is believed that the answer would be a combination of the answers to your first and third questions, i.e., the county would still be liable under the `reasonable and ordinary care' doctrine, and the State would not be liable under Neb.Rev.Stat. 81-8,219
(1)(a) (Reissue 1976).
Seventh, you ask whether renumbered Sec. 8 of the bill would allow administrative rules and regulations promulgated pursuant to Chapter 39, Section 21, to supersede other statutory provisions appearing elsewhere, such as requiring posting of weight limits on bridges. Assuming such regulations would be within the parameters of the authorizing statute, the result would really be a conflict of statutes. If L.B. 611 is truly an independent act, it would be regarded as having repealed such contrary statutes by implication.Drew v. Mumford, 114 Neb. 100, 206 N.W. 159
(1925). However, it is at least questionable that it can be so regarded. Basically, the bill is an amendatory act with only a portion therein being set up as an independent act, and the effect of this portion is amendatory. Under such circumstances, it is considered that the Nebraska Supreme Court well could consider the Act void under its prior holdings in the cases of State v. Bauman, 126 Neb. 566,254 N.W. 256 (1934), State v. Day, 129 Neb. 699,262 N.W. 850 (1935), and C. B. Q. R.R. Co. v. County of BoxButte, 166 Neb. 603, 90 N.W.2d 72 (1958), all being interpretations of Art. III, Sec. 14 of the Constitution of the State of Nebraska.
But such discussion ignores the more immediate conflict created by the substantive amendment to Section 23-2411 (renumbered Sec. 1 of the Act) by inserting `and section 6 of this Act' in lines 22 and 23 of page 3. As so amended, the court would quite seemingly have the choice of basing liability on the first two sentences (prior law and judicial interpretations) or the third sentence (minimum standards set pursuant to section 39-2113). Given such options, it is our considered opinion that the court would choose the first and thus the present standard of `reasonable and ordinary care' would be perpetuated.
Very truly yours, PAUL L. DOUGLAS Attorney General Randall E. Sims Assistant Attorney General